United States District Court
Southern District of Texas
**ENTERED**
November 07, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DARTANYAN K. BREAUX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-846 |
| | § | |
| TRI STAR FREIGHT SYSTEMS, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

On March 25, 2016, Dartanyan Breaux, representing himself, filed this lawsuit against "Tri Star Freight Systems, Inc., Kathleen M. Nance, et al.," alleging employment discrimination in violation of Title VII of the Civil Rights Act. (Docket Entry No. 1). Tri Star was Breaux's employer, and Nance was Tri Star's president. (*Id.* at 9). The complaint alleges claims under Title VII. The EEOC charge and accompanying materials also refer to an alleged violation of the Age Discrimination in Employment Act. (*Id.* at 8).

The defendants moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that the complaint did not state a valid claim against Nance and that the unidentified "et al." defendants should be dismissed due to Breaux's failure to describe who they were. (Docket Entry No. 15). Breaux, represented by counsel since May 5, 2016, (Docket Entry No. 9), responded by arguing that the Rule 12(c) motion was premature. (Docket Entry No. 16 at 4-5). Breaux also conceded that his complaint did not state a valid claim against Nance, but he urged the court to apply a permissive standard and allow his complaint to go forward unamended. (*Id.* at 5-6). Finally, Breaux sought leave to amend his complaint, but he did not specify what claims or facts he would

add in an amended complaint.  (*Id.* at 6).

Based on the briefs, record, and applicable law, the court grants the defendants' motion for judgment on the pleadings and dismisses the claims against Nance and the unnamed "et al." defendants.  The court denies Breaux's motion for leave to amend his complaint.  The reasons are explained below.

"A motion brought pursuant to Federal Rule of Civil Procedure 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).  The Rule 12(c) standard for judgment on the pleadings is the same as the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010).  Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir.2008).  The Supreme Court has explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677.

Applying this standard, the court holds that the claims against Nance fail as a matter of law. Breaux's contention that the Rule 12(c) motion is premature is meritless. The basis of Breaux's argument is that the Scheduling Order entered in this case, (Docket Entry No. 11), does not specify a deadline for amending pleadings. True. But Breaux draws the wrong conclusion. The "N/A" notation next to the amendment deadlines on the Scheduling Order indicates that, at the Rule 16 conference, the parties indicated that they would not need to amend their pleadings, not that the parties may amend their pleadings at any time without seeking leave to do so. The motion for judgment on the pleadings is not premature; the pleadings are "closed" for the purposes of Rule 12(c).

Breaux concedes that neither Title VII nor the ADEA allow individual liability against supervisors. The statutes only provide for liability against the employer company. *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994) (Title VII); *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996) (ADEA). Breaux's complaint fails to state a claim under either statute against Nance. Breaux attempts to remedy this conceded deficiency by arguing for a "less stringent standard," (Docket Entry No. 16 at 5), because he represented himself when he first filed his complaint. But Breaux has had counsel for nearly six months, and he concedes that his complaint does not state a legally cognizable claim against Nance. Nance's motion for judgment on the pleadings is granted.

Breaux also requests leave to amend his complaint. However, he does not identify any facts or theories that would or could support a legally sufficient cause of action against Nance. Breaux's stated basis for seeking leave to amend is the unsupported assertion that "there are other causes of action in which Nance is legally liable." (Docket Entry No. 16 at 6). This is insufficient. "[A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds

on which the amendment is sought, *cf.* Fed. R. Civ. P. 7(b)—does not constitute a motion [to amend] within the contemplation of Rule 15(a)." *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (quoting *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C.Cir.1993)) (internal quotation marks omitted).

Breaux has had counsel for nearly six months, but he has not sought to amend his complaint until now. He provides no explanation for why any added theories of recovery or claims were not raised earlier. Because he does not explain his delay in seeking leave to amend or identify any facts or theories that could support a basis to amend to state a basis for liability against Nance, Breaux's request for leave to amend his complaint's allegations as to Nance is denied.

The defendants also moved for judgment on the pleadings as to any unnamed "et al." defendants. Breaux did not respond to this argument. Federal Rule of Civil Procedure 10(a) requires a complaint to include the names of all of the parties to the litigation. The Fifth Circuit has held that the "[f]ailure to name a party denies a court jurisdiction over that party." *Loa-Herrera v. Trominski*, 231 F.3d 984, 991 (5th Cir. 2000). Breaux can assert his claims only against parties specifically named in his complaint. He cannot recover against unnamed parties. He states no basis for continuing to refer to "et al." defendants. The motion for judgment on the pleadings is granted as to the unnamed defendants.

The defendants' motion for judgment on the pleadings as to Nance and any unnamed defendants is granted. Breaux's motion for leave to amend his pleadings is denied.

SIGNED on November 7, 2016, at Houston, Texas.

Lee H. Rosenthal
United States District Judge